**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MEADE COMMUNITIES, LLC,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:26-cv-2397-JRR |
| **SUSAN M. MIKAMI,** | * | |
| *Defendant*. | * | |
| | * | |

* * * * * * *

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

This Report and Recommendation addresses the Motion for Default Judgment ("Motion") filed by Plaintiff, Meade Communities, LLC, against Defendant Susan M. Mikami ("Defendant"). (ECF No. 8). Defendant has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. (D. Md. 2025). On September 25, 2026, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Rubin referred this case to me for a report and recommendation on Plaintiff's Motion. (ECF No. 9). I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, I respectfully recommend that Plaintiff's Motion for Default Judgment be GRANTED.

## I. BACKGROUND

On June 16, 2026, Plaintiff brought the instant lawsuit against Defendant alleging breach of contract. (ECF No. 1). "Plaintiff owns and operates family housing located on Fort Meade, Maryland under the Department of Defense Military Housing Privatization Initiative." *Id.* at 1. Defendant, a civilian, executed a tenant lease agreement on September 14, 2023. *Id.* at 2. In particular, Defendant leased the property at 2960 2nd Army Avenue, #2960D, Fort Meade, MD

20755. *Id*. The Lease provided that on the first day of each month of the Term, Defendant was required to pay rent in the amount of $2,425.00. (ECF No. 1-1 at 1). Under the lease, "if the owner fails to receive Resident's Monthly Rent payment on or before the close of business on the fifth day of the month in which it is due, a Late Charge in the amount set forth in Section 1 will be paid by Resident and collectible by Owner as Additional Rent for each month the Monthly Rent payment is overdue ...." *Id*. at 2. In accordance with this provision, the Lease specified that Plaintiff could impose a late charge of "five percent (5%) of the Monthly rent." *Id*. at 1. Furthermore, any failure by Defendant to pay rent as required, could "at Owner's election, cause all Monthly Rent for the Term to be immediately due and payable." *Id*. at 2.

According to Plaintiff, Defendant failed to pay rent in a timely manner on multiple occasions, and Plaintiff sent Defendant Notices of Unpaid Rent and Balance Due Statements. *See* (ECF No. 1-2). Defendant's lease ended on September 14, 2024, but since then she has "been a tenant holding over, paying rent sporadically on a month-to-month basis." (ECF No. 1 at 3.) Plaintiff sent Defendant a Notice to Vacate the premises on May 11, 2026. *See* (ECF No. 1-3).

Service of process was effectuated on July 6, 2026. (ECF No 4). Defendant did not file an answer or responsive pleading within the requisite time period. Upon Plaintiff's Motion for Entry of Default against Defendant, the Clerk entered judgment in their favor on July 29, 2026. (ECF Nos. 6, 7). Plaintiff filed their Motion for Default Judgment on September 8, 2026, seeking an order of eviction and monetary judgment of $9,219.50. (ECF No. 8).

## II. LEGAL ANALYIS

### A. Standard for Entry of Default Judgment

Federal Rule of Civil Procedure 55 governs entries of default and default judgments. Rule 55(a) requires that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a plaintiff's claim is not a "sum certain" or a "sum that can be made certain by computation," the plaintiff "must apply to the court for default judgment" under Rule 55(b)(2).

In determining whether to award a default judgment, the Court accepts as true the well pleaded factual allegations in the Complaint as to liability. *Entrepreneur Media, Inc. v. JMD Entm't Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law. *United States v. Redden*, No. 09-cv-2688-WDQ, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the Court determines that liability is established, the Court must then determine the appropriate amount of damages or other relief. *CGI Fin., Inc., v. Johnson*, No. 12-cv-1985-ELH, 2013 WL 1192353, at *1 (D. Md. Mar. 21, 2013). In this regard, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Court does not accept factual allegations regarding damages as true but rather must make an independent determination regarding such allegations. *Entrepreneur Media, Inc.*, 958 F. Supp. 2d

at 593. A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *Redden*, 2010 WL 2651607, at *2. Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages; it may rely on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).

**B. Liability**

As noted, Plaintiff alleges that Defendant has failed to pay rent in a timely manner. Plaintiff seeks an order of eviction and a monetary judgment for back rent and attorney's fees and costs. Defendant received the Complaint on June 16, 2026, the Clerk entered default on July 29, 2026, and Defendant failed to respond or enter an appearance. Accordingly, all of Plaintiff's allegations other than those pertaining to damages are deemed admitted. Fed R. Civ. P. 8(b)(6); *see Ryan*, 253 F.3d at 780. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. More than two months have passed since Defendant received the Complaint, yet she has not responded. Thus, if Plaintiff has established Defendant's liability, the Court should grant default judgment.

With regard to liability, Plaintiff indicated in its Complaint that it claims breach of contract. (ECF No. 1 at 2-3). A breach of contract is "'a failure without legal excuse to perform any promise which forms the whole or part of a contract…'" *In re Ashby Enters., Ltd.*, 250 B.R. 69, 72 (Bankr. D. Md. 2000) (quoting *Connecticut Pizza, Inc. v. Bell Atlantic-Washington, D.C., Inc.*, 193 B.R. 217, 225 (Bankr. D. Md. 1996)) (citation omitted). Plaintiff's allegations are supported by copies

of the Lease (ECF No. 1-1), as well as the Ledger (ECF No. 1-2), which documents Defendant's failure to pay rent as required by the Lease. Therefore, based on the evidence submitted, Defendant breached the contract and is liable to Plaintiff. Since liability exists, a default judgment is proper.

**C. Damages**

Having determined that Plaintiff has established liability, it is now appropriate to determine damages. Plaintiff claims a total of $9,219.50 in damages in its Complaint and its Motion. *See* (ECF Nos. 1, 8). Plaintiff submitted Defendant's "tenant ledger" which supports the $8,614.50 of back rent and late fees owed. (ECF No. 8-4). Plaintiff also seeks costs in the amount of $605.00. According to 28 U.S.C. §1924, "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

Additionally, Local Rule 109.1(b) provides that, "in any case where any costs other than the fee for filing the action are being requested, the bill of costs shall be supported by affidavit and accompanied by a memorandum setting forth the grounds and authorities supporting the request. Any vouchers or bills supporting the cost being requested shall be attached as exhibits."

The affidavit, of Christie Taylor, the Community Manager, is the only documentation provided to support Plaintiff's request. (ECF No. 8-2). The affidavit merely states that Plaintiff is entitled to expenses (process server and filing fee); "it does not break down that sum into its component parts." *Meade Communities, LLC v. Jones*, No. 21-cv-1976-ELH, 2022 WL 2869159 at *8 (D. Md. July 21, 2022). Nonetheless, Plaintiff's request is supported by the record. The

Docket indicates that Plaintiff paid a filing fee of $405, "which is recoverable under 28 U.S.C. §1920(1)." *Id.*; *see* Fed. R. Evid. 201. Concerning the process server fee, the Proof of Service, shows that the process server charged Plaintiff $200.00 to effectuate service. *See* (ECF No. 4). Because Plaintiff presents sufficient evidence to support the amount of damages claimed, I recommend that the Court award $9,219.50 in damages and issue an order of eviction.

## III. CONCLUSION

In sum, I recommend that:

1. The Court grants Plaintiff's Motion for Default Judgment (ECF No. 8) against Defendant Susan M. Mikami;
2. The Court awards Plaintiff damages in the amount of $9,219.50;
3. I also direct the Clerk to mail a copy of this Report and Recommendation to Defendant at the address listed on Plaintiff's Complaint. (ECF No. 1). Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

October 8, 2026
Date

/s/
J. Mark Coulson
United States Magistrate Judge